**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re BLUE RIDGE PASSAGE RESORT, INC., | ) ) ) | Case No. 05-60936-LYN |
| Debtor, | ) ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on an objection to the secured status of the claim of Wayne Edward Hoffman by Dean F. Belcher ("Belcher"). The objection will be sustained.

### *Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

### *Facts*

The Debtor is a real property developer in Virginia. Sharroll D. Shumate ("Mr. Shumate") is the founder of the Debtor. Mr. Belcher was the president of the Debtor. A dispute arose between

Mr. Shumate and Mr. Belcher and other parties that resulted in litigation in the Circuit Court for the County of Patrick. While that litigation was pending, the Debtor filed a bankruptcy petition initiating the above-styled case.

The parties entered into an agreement ("the Original Settlement Agreement") under which Mr. Belcher, Nancy Thomas Henley and Signature Construction Company (collectively "the Belcher Group") would be allowed a claim in the amount of $2,000,000.00. Under the Original Settlement Agreement, the Belcher Group was to receive $700,000.00 in cash as payment of an administrative claim. The Debtor made the payment to the Belcher Group and Ms. Henley and Signature Construction Company were paid in full from this amount.

It was also provided that Mr. Belcher would be allowed a secured claim evidenced by a promissory note and deed of trust (collectively "the Belcher Note") in the amount of $1,300,000.00. The Belcher Note was to be secured by the property of the Debtor. Under the Original Settlement Agreement the Debtor was authorized to borrow up to $1,700,00.00, which debt would be senior in priority to the Belcher Note. It was also provided that the Debtor would be permitted to borrow $700,000.00 from William Webb to fund the cash payment to the Belcher Group. The agreement provided that the debt owed to Mr. Webb would be senior in priority to the Belcher Note. An order permitting the Debtor to incur debt was entered on docket on October 31, 2005.

Mr. Webb declined to loan the Debtor the $700,000.00. Subsequently, the parties entered into a modified settlement agreement ("the Modified Settlement Agreement"). The Modified Settlement Agreement modified ¶ 4.2(I)-(iii) of the Original Settlement Agreement. The remainder of the Original Settlement Agreement was left unchanged. The modification provided in part that

> . . . the Debtor and Shumate shall . . . grant Belcher a lien on the Real Property, which lien Belcher agrees to subordinate to other liens in an aggregate face amount of up to

2

> $1,7000,000.00, which amount includes, but is not limited to (1) existing liens on the Real property that will be superior to Belcher's deed by virtue of prior recordation, (2) the Purchase Agreements [for cabins on the Real Property], and (3) any other liens to individuals or entities identified by Shumate or Debtor;

Joint Motion for Entry of Order Approving Modified Settlement, ¶ 16, Docket no. 145, and Order Approving Modified Settlement, Docket no. 146.

The case was converted to Chapter 7 on November 20, 2009. On December 25, 2009, a notice to file claims was served on creditors. In response, Wayne Edward Hoffman filed a claim that purported to be a secured claim based on a deposit for the purchase of Cabin #48 on the real property being developed by the Debtor. The claim asserted that the debt arose on July 4, 2005, and was perfected on January 18, 2007.

### *Discussion*

The claim will be disallowed as a secured claim. First, the claim arose postpetition, but was not the subject of an order of this court allowing the claim as a secured claim. The claim arose before the entry of the Original Settlement Agreement and the Order that approved that settlement. The claim could not, therefore, have been perfected pursuant to the Original Settlement Agreement. Second, the manner of perfection stated on the Claim Form is "Documentation from Blue Ridge Passage Resorts". Perfection, in the ordinary course, arises from the recordation of a lien agreement with the proper authority, not from the receipt of a document to the party granting the lien.

### **ORDER**

Accordingly,

The objection to the claim of Wayne E. Hoffman is sustained. The claim of Wayne E. Hoffman will be allowed as an unsecured claim. This order does not affect any rights that Mr. Hoffman may have under the purchase agreement concerning Cabin #48.

So ORDERED.

Upon entry of this Order the Clerk shall forward a copy to Wayne E. Hoffman, James E. Cornwell, Jr., Esq., George A. McLean, Esq., John D. McIntyre, Esq., William A. Gray, Esq., and the Chapter 7 trustee.

Entered on this  1st  day of November, 2010.

_____
William E. Anderson
United States Bankruptcy Judge

4